United States District Court

Eastern District of California

Terry J. Burton,

    Petitioner,                   No. Civ. S 02-0675 LKK PAN P

  vs.                              Order

D.L. Runnels, Warden, et al.,

    Respondents.

-oOo-

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.

Petitioner's March 28, 2002, petition alleged a single claim that his Fifth and Fourteenth Amendment rights were violated by the use of his un-Mirandized statement to a deputy sheriff.

June 4, 2003, petitioner amended his petition and the court served the amended petition and ordered a response.

August 21, 2003, respondent, construing the amended petition as one alleging three claims (the Miranda claim, ineffective

assistance of counsel, and a claim regarding DNA testing), moved to dismiss arguing the ineffective assistance and DNA testing claims were untimely and not exhausted.

In January 28, 2004, findings and recommendations, this court construed the amended petition to allege the Miranda claim only, and recommended abeyance to permit petitioner to exhaust any ineffective assistance and DNA testing claims.  The district court adopted the recommendations March 12, 2004, and the case was abeyed with instructions to petitioner to move for leave to amend once exhaustion was complete.

Presently before the court is petitioner's February 22, 2005, motion for leave to file a second-amended petition. Respondent opposed April 15, 2005, and petitioner filed and served a reply April 18, 2005.

The proposed second-amended petition includes four claims: (1) the Miranda claim; (2) a claim of ineffective assistance of counsel based on 12 sub-claims (A) through (L); (3) a claim regarding DNA testing; and (4) a claim regarding the trial court's failure to excuse two jurors for cause based on implied bias.

Respondent argues, and petitioner concedes, that Claim 4 and sub-claims 2(I), (J), and (L) were not presented to the California Supreme Court.

Petitioner argues the court should deem the ineffective assistance sub-claims exhausted because he pursues a single claim he received ineffective assistance of counsel, based on numerous

factual predicates, and the allegations in sub-claims(I), (J) and (L) do not fundamentally alter the claim presented to the California Supreme Court.

Exhaustion of available state judicial remedies ordinarily is a prerequisite to obtaining federal habeas corpus relief. 28 U.S.C. § 2254(d)(1)(A); Picard v. Connor, 404 U.S. 270 (1971). A petitioner satisfies the exhaustion requirement if: (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, Anderson v. Harless, 459 U.S. 4 (1982); or (2) he demonstrates no state remedy remains available. Harmon v. Ryan, 959 F.2d 1457 (9th Cir. 1992). "Exhaustion requires the state prisoner give the state courts a 'fair opportunity to act' on each of his claims before he presents those claims in a federal habeas petition." Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). "The state prisoner must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Id. (internal quotations omitted).

By failing to apprise the California Supreme Court of facts alleged in sub-claims 2(I), (J) and (L) of his ineffective assistance claim, he deprived that court of a fair opportunity to act based on such facts. Kelly, 315 F.3d at 1068 (finding habeas petitioner must present each "failure" raised as a ground for a

3

finding of ineffective assistance in state court to meet exhaustion requirement). As to Claim 4, petitioner's reference in his state court petition to counsel's failure to object regarding the implied bias of two jurors did not exhaust his independent claim of constitutional error based on the court's seating of such jurors. See Rose v. Palmateer, 395 F.3d 1108, 1111-12 (9th Cir. 2005) (claim counsel was ineffective for failing to object to introduction of confession did not exhaust claim that use of the confession as an independent constitutional claim), citing Kelly, 315 F.3d at 1068 n. 2.

    Petitioner requests the court again abey this proceeding to permit him to exhaust these claims. The court will not. Petitioner offers no excuse for his continued piecemeal litigation, both in the California Supreme Court and here. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005) (federal court has discretion to stay habeas petition to permit exhaustion if petitioner shows good cause for his failure to present his claims to the state courts).

    Accordingly, the court hereby orders that:

    1. Petitioner's February 22, 2005, motion for leave to file a second amended petition is granted in part.

    2. The Clerk of Court shall file petitioner's proposed pleading as petitioner's second amended petition, dated the date of this order. Claim 4 and sub-claims (2)(I), (J) and (L) therein are stricken. Respondent shall respond to the second amended petition within 30 days.

1   Dated:  May 31, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge