IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY J. BURTON,

    Petitioner,                    No. CIV S-02-0675 LKK EFB P

    vs.

D.L. RUNNELS, Warden, et al.,

    Respondents.              ORDER

_____/

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 20, 2006, petitioner filed a notice of appeal and on October 23, 2006, petitioner filed an application for a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    In his petition, petitioner sought relief on three bases: (1) his Fifth and Fourteenth Amendment rights were violated by the trial court's introduction of his un-Mirandized statement to two deputy sheriffs; (2) his trial counsel rendered ineffective assistance through numerous errors of counsel; and (3) the California Superior Court erred when it denied petitioner's motions for DNA testing. The first of these claims was denied on the merits and the second and third claims were dismissed as untimely by findings and recommendations filed April 21, 2006, and

1

adopted September 29, 2006. Judgment has not yet been entered in this matter, so the Clerk of Court will be directed to do so by operation of this order. Rule 4(a)(2) of the Rules of Appellate Procedure provides that "a notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry." The court therefore deems petitioner's application for a certificate of appealability as timely filed.

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues presented in the instant petition: whether his claim that his Fifth and Fourteenth Amendment rights were violated by the trial court's introduction of his un-Mirandized statement to two deputy sheriffs should be denied; and whether his claims that his trial counsel rendered ineffective assistance through numerous errors of counsel and the California Superior Court erred when it denied petitioner's motions for DNA testing should be dismissed as time-barred.

/////
/////
/////

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to enter judgment in this case; and

2. A certificate of appealability is issued in the present action.

DATED: January 5, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT